IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MOHAMMAD JAVAD HAJJAR-NEJAD<br>Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. CCB-10-888 |
| THE GEORGE WASHINGTON<br>UNIVERSITY, et al. | * | |
| CHIEF ACADEMIC OFFICER DR. JAMES<br>L. SCOTT SCHOOL OF MEDICINE | * | |
| Defendants. | * | |
| | *** | |

MEMORANDUM

On April 9, 2010, plaintiff, a resident of Baltimore, Maryland, filed this fee-paid, *pro se* complaint invoking this court's diversity, federal question, "education institution discrimination," and "review of an agency" (District of Columbia Office of Human Rights) jurisdiction. Plaintiff, who primarily focuses on Titles VI and VII of the Civil Rights Act of 1964, or 42 U.S.C. §§ 2000d and 2000e, *et seq.* in support of his claims, states that he is a former medical student of the George Washington University ("GWU"). He complains that defendants unjustly terminated him during his fourth and final year of the medical doctorate program based upon his race, religion, and national origin.[1] Plaintiff provides thousands of pages of documents comprising his complaint and complaint exhibits[2] regarding his academic background and credentials and the grievance and complaint

---

[1] It would also appear that plaintiff is alleging that in 2006, he was subject to discrimination and retaliation while in the Honors Academic Program in his third year of medical school, resulting in his removal from the Program.

[2] Plaintiff provides one copy of the complaint, complaint binder and appendices. He asks the court to waive copy work requirements under local rule. The court will leave decisions regarding copy work, summons, and pleading requirements under Rule 8 to the transferee court.

In addition, included within the body of the complaint is a request for appointment of counsel. *See* Paper No. 1 at 3. A decision on this request, docketed as Paper No. 2, shall also be left to the transferee court.

process he followed within GWU, the Liaison Committee on Medical Education ("LMCE"), the Medical Student Evaluation Committee ("MSEC"), U.S. Department of Education, and the District of Columbia Office of Human Rights ("DCOHR") to raise his claims of retaliation and discrimination. According to the complaint the DCOHR issued a final opinion on January 12, 2010, which affirmed its "probable cause" finding as to plaintiff's claim of retaliation and affirmed its "no probable cause" findings regarding plaintiff's claims of disparate treatment and hostile education environment. Plaintiff seeks declaratory and injunctive relief, along with compensatory and punitive damages against defendants.

Assuming, arguendo, that plaintiff may bring these claims in federal court, the undersigned deems it appropriate to transfer his case.

> Under Title 28 U.S.C. § 1391 (b), [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..., and (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In enacting § 1391(b), it is evident that Congress did not intend to provide for venue at the residence of the plaintiff or to give that party an unfettered choice among different districts. Rather, Congress intended to restrict venue to "either the residence of the defendants or to 'a place which may be more convenient to the litigants'-- *i.e.*, both of them-- 'or to the witnesses who are to testify in the case.'" *Leroy v. Great Western United*, 443 U.S. 173, 185 (1979). In most cases, the purpose of a statutorily specified venue statute is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place for trial. *Id.* at 183-84.

2

The named defendants are located in the District of Columbia and all of the events or omissions giving rise to plaintiff's claims, including the administrative agency review before the DCOHR, occurred there. Accordingly, the court will, by separate order filed this date, TRANSFER this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1406(a).[3]

Date: April 19, 2010.  
                                                                                   /s/  
                                                                  Catherine C. Blake  
                                                                  United States District Judge

---

[3] *See In re Carefirst of Maryland, Inc.*, 305 F.3d 253, 255-256 (4th Cir. 2002) (transfer of case under § 1406(a) to any district which would have had venue if the case was originally brought in that district); *Waytes v. City of Charlottesville*, 153 F.3d 725, *1 (4th Cir. 1998) (when confronted with a case laying venue in the wrong district, the district court is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice).